Bay, J.
Had the proceedings of Warren against Wood been of a civil nature, for the value of the hogs only, and a compro mise had taken place between the parties, it would not have been duress* But as it appears to have been a criminal proceeding for felony, and the note in question given to compound that felony, and to avoid going to gaol, it is void by the common law. All contracts made to compound felonies, or to prevent the due execution of the law, by the connivance of magistrates, sheriffs, or other officers, are void. Powell, 186. 3 Burr. 1675. The circumstance of this note being in the hands of an indorser ignorant of the original transaction, makes no kind of difference ; for, being void, in its original creation, for illegality and turpitude, it can never afterwards be valid, so as to charge the drawer, Some notes are void by the common law, others made so by statute; there is, however, no essential difference between them. They are in both cases equally void, and without any binding efficacy on the part of the drawer. If, then, they are so, no good reason can be assigned why the holder of a note, made void by the common law, should recover, any more than the indorsee of a note made void by the statute. In all these cases the common law and statutes hold the same powerful language ; to wit, that they never had á legal existence. Could a doubt, however, arise on this ground, yet, the last one taken by the defendant’s counsel, is conclusive. Being indorsed a ijear after it became due : this is a circumstance which carries with it a suspicion of the fairness of the transaction, and is sufficient to throw it out of the course of trade ; in which case the indorsee taker it upon the credit of the indorser, and must therefore stand in the situation of the person to whom it was originally payable. And the drawer may offer in evidence any circumstance, which might be given in evidence, to imyseb. *252 tbe consideration, or shew that it was illegal, in the same manner as if it had remained in the hands of the payee.
Jury found for the defendants.
Pringle gave notice that he intended to move for a new trial, on the ground of misdirection in the judge, in point of law, but never brought the motion forward ; consequently, acquiesced in the determination.